IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**,

    v.

**TYLER LOUIS HENDERSON**,

        Defendant.

Case No. 3:18-cr-00457-MO-1

OPINION AND ORDER

**MOSMAN, J.**,

    The matter before me is Defendant's second Motion for Release from Custody filed in response to the COVID-19 pandemic. Second Mot. [ECF 41]. Defendant filed his first motion for release on April 8, 2020. [ECF 36]. I denied that motion in a minute order on April 14, 2020. Order [ECF 40]. Defendant filed his second motion on April 28, 2020, citing changed factual circumstances. [41] at 1. Upon review, Defendant's second motion is also DENIED.

//

//

1 – OPINION & ORDER

## DISCUSSION

On July 8, 2019, Defendant pleaded guilty to one count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g). Plea Agreement [ECF 22] at 1. Defendant has remained in custody since that date. Min. of Proceedings [ECF 20] (ordering Defendant into custody pending sentencing). Defendant's sentencing, which has been rescheduled multiple times, is currently scheduled for August 7, 2020.. Scheduling Order [ECF 37]. Defendant seeks to be released for the interim period before that date.

Defendant moves for release under 18 U.S.C. § 3143. Second Mot. [41] at 1. That statute requires me to place a defendant in detention pending imposition of a sentence unless I find, by clear and convincing evidence, that the defendant is unlikely to flee or pose a danger to the community. § 3143(a)(1). Even without such a finding, however, Defendant argues that he could be released if "exceptional circumstances" so warranted. § 3145(c). For the reasons outlined below, I DENY Defendant's request for release.

First, § 3145(c) applies only to defendants who are subject to detention pursuant to § 3143(a)(2) and (b)(2). Felon in possession, Defendant's only crime of conviction, does not fall within either section because it is not a "crime of violence" and is not incorporated by any of the listed statutes. *See United States v. Twine*, 344 F.3d 987, 987-88 (9th Cir. 2003) (holding that Felon in Possession of a Firearm is not a "crime of violence" for purposes of § 3142 and the Bail Reform Act and does not otherwise fall within § 3142(f)(1)). Defendant is therefore not eligible for release under "extraordinary" circumstances. His release is subject only to the standard set out above—whether, by clear and convincing evidence, Defendant is unlikely to flee or present a danger to the community. I find that the COVID-19 pandemic does not mitigate these risks to a level that warrants release.

Defendant argues that the COVID-19 pandemic warrants "extraordinary circumstances" justifying his release, particularly in light of his asthma diagnosis. Second Mot. [41] at 2, 10. This diagnosis places him in a high-risk category of individuals who are susceptible to COVID-19, which is compounded by his being housed in a prison setting, where the risk of an outbreak is already particularly high. *Id.* at 2-7. Further, he argues, the pandemic greatly reduces any risk of flight or danger to others, as Defendant would be confined to his home under Oregon's shelter-in-place order. *Id.* at 7-10.

Defendant's concerns about his health are serious. However, as the Government argues, Defendant has a long history of serious, violent crimes, and a proven track record of failing to abide by the terms of his supervised release, as well as a propensity to flee. *See generally* Gov't. Resp. [ECF 39]. His flight attempts are often dramatic, involving vehicles and serious danger to others. *Id.* at 3-5. In the arrest underlying the conviction at issue here, for example, Defendant attempted to evade arrest by fleeing in a van with a getaway driver, and when the van's tire snapped off, he attempted to flee on foot while destroying evidence. *Id.* at 5. This lengthy pattern of behavior renders him at high risk for flight if he were released from prison, and his propensity for high-speed chases in crowded areas renders him a risk to the community, as does his history of violent and serious crimes.

I do not find that this risk is mitigated by COVID-19. I find it unlikely that Defendant would abide by Oregon's stay-at-home mandate, as he has repeatedly failed to abide by probation guidelines that imposed much harsher consequences for violations. And I find that it is highly likely that Defendant would engage in behavior that would put the community at risk, either through violent or drug-seeking behavior or by way of further flight attempts. Worse, any behavior in violation of the stay-at-home order would put Defendant's family members and

himself at risk for the virus. And I find that the COVID-19 pandemic does not outweigh these concerns. As the Government explains, the Board of Prisons has implemented extensive measures to protect prisoners. Second Gov't. Resp. [ECF 43] at 5-8. Indeed, there have been no cases in FCI Sheridan, where Defendant currently resides. *Id*. at 5.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Release from Custody [41] is DENIED.

IT IS SO ORDERED.

DATED this __13__ day of May, 2020.

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge

4 – OPINION & ORDER